UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA,
MIAMI DIVISION

| | | |
|---|---|---|
| LILIA R. MARTINEZ and ALEX J. MARTINEZ, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. _____ |
| MERCK SHARP & DOHME CORP. | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Merck Sharp & Dohme Corp. ("Merck") hereby gives notice that the above-captioned action, Civil Action No. 11-05316 CA02, pending in the Circuit Court in and for Miami-Dade County, Florida, is hereby removed to the United States District Court for the Southern District of Florida, Miami Division. In support of removal, Merck respectfully states to the Court the following:

## THE FOSAMAX® MULTIDISTRICT LITIGATION

1.     This action involves allegations regarding the prescription medication FOSAMAX®. On August 16, 2006, the Judicial Panel on Multidistrict Litigation ("MDL Panel") issued an order transferring 18 FOSAMAX® products liability cases to the United States District Court for the Southern District of New York (Keenan, J.) for coordinated pretrial proceedings under 28 U.S.C. § 1407. *In re Fosamax Products Liability Litigation,* MDL No. 1789. Processes for quickly sending additional related cases to Judge Keenan have been set in place. As of this date, the MDL Panel has issued 89 Conditional Transfer Orders requiring the

transfer of an additional 195 actions to MDL 1789, where a total of 880 cases are now pending, including both the transferred cases and cases filed directly in the transferee court.  Merck will seek the transfer of this action to MDL-1789, and will provide the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

### GROUNDS FOR REMOVAL

2.     On or about February 15, 2011, Plaintiffs Lilia Martinez and Alex Martinez commenced this action entitled *Martinez v. Merck Sharp & Dohme Corp.*, Case No. 11-05316 CA02 against Merck in the Circuit Court in and for Miami-Dade County, Florida.

3.     For the reasons set forth in more detail below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this matter is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

## I.     MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4.     Plaintiffs filed their Complaint in the Circuit Court in and for Miami-Dade County, Florida on or about February 15, 2011.  Merck has not been served.  This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within 30 days of the filing of the Complaint.

5.     Merck is the only defendant, and therefore all properly joined and served defendants consent to this removal.

6.     No further proceedings have been had in this action.

7.     Venue is proper in this Court because it is "the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).  Therefore, this action is properly

removed to the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 89(c).

8.      No previous application has been made for the relief requested herein.

9.      Merck has not been served with any process, pleadings, or orders related to the action entitled *Martinez v. Merck Sharp & Dohme Corp.*, Case No. 11-05316 CA02, against Merck in the Circuit Court in and for Miami-Dade County, Florida.  28 U.S.C. § 1446(a).  Merck obtained a copy of the Complaint, which is attached hereto as Exhibit A.

10.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the Circuit Court in and for Miami-Dade County, Florida.

## II.     THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A.      The amount in controversy requirement is satisfied.

12.     It is apparent from the face of the Complaint that Plaintiffs seek recovery of an amount in excess of $75,000, exclusive of costs and interest.  Plaintiffs filed this action for damages against Merck alleging that Plaintiff Lilia Martinez suffered "severe" and "permanent" injury due to her alleged ingestion of FOSAMAX®.  (Complaint ¶¶ 41-42.)  Additionally, Plaintiff's husband, Alex Martinez, is bringing a claim for loss of consortium.  (Complaint ¶ 11.) Plaintiffs bring six causes of action for which they are seeking compensatory damages: negligence, strict liability, breach of express and implied warranty, fraudulent misrepresentation, and fraudulent concealment.  (*See* Complaint ¶¶ 48-104, and Global Prayer for Relief.)

13.     Specifically, Plaintiffs seek to recover damages for injuries to Lilia Martinez's "jaw bone, including osteonecrosis of the jaw and other diagnoses of irreversible damage to the jaw." (Complaint ¶ 13.)  Plaintiffs further allege that "[o]steonecrosis of the jaw is a serious medical events and can result in severe disability and death," (Complaint ¶ 28), and that "[o]nce the osteonecrosis begins and becomes symptomatic, it is very difficult to treat and is not reversible." (Complaint ¶ 26.)

14.     Plaintiff Lilia Martinez claims to have suffered "significant and permanent injury of the jaw," "severe mental and physical pain and suffering" that will include "life long complications," as well as "severe mental and physical pain and suffering and has sustained permanent injuries and emotional distress." (Complaint ¶¶ 38, 42.)  Further, Plaintiff's husband claims that he has "lost the comfort, society, and services of his wife," and claims that his "losses are permanent and continuing in nature." (Complaint ¶ 11.)  As such, they seek compensatory damages on each cause of action and claim that Lilia Martinez has "required and will continue to require healthcare and services," "has incurred and will continue to incur medical and related expenses," and has "suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages." (Complaint ¶¶ 53, 64, 72, 83, 93, 102.)

15.     Numerous reported cases reveal that potential awards based on conditions similar to those alleged by Plaintiffs exceed the $75,000 jurisdictional amount.  For example, cases involving jaw or similar facial injury led to jury or court awards far in excess of $75,000.  *See, e.g., Howie v. Walsh*, 609 S.E.2d 249 (N.C. App. 2005) (addressing jury award of $300,000 against dentist who fractured patient's jaw during procedure); *Becker v. Woods*, 806 N.Y.S.2d

704 (N.Y. App. Div. 2005) (affirming jury award of $840,000 in damages where dental patient suffered from permanent paresthesia); *Preston v. Dupont*, 35 P.3d 433 (Colo. 2001) (addressing jury award of more than $250,000 for damage to alveolar nerve in jaw); *Bowers v. Liuzza*, 769 So.2d 88 (La. App.), *writ. denied*, 776 So.2d 468 (La. 2000) (finding that minimum adequate damage award for nerve damage in jaw was an amount that exceeded $175,000); *Becker v. Halliday*, 554 N.W.2d 67 (Mich. App. 1996) (jury award of $200,000 in damages, where syringe lodged in upper jaw); *Herpin v. Witherspoon*, 664 So.2d 515 (La. App. 1995) (plaintiff entitled to receive more than $75,000 as a result of temporomandibular joint (TMJ) dysfunction); *Washburn v. Holbrook*, 806 P.2d 702 (Or. App. 1991) (affirming jury finding of $400,000 in damages as a result of damage to jaw during root canal).

16.     Plaintiffs' claim of "severe and permanent" injuries as a result of osteonecrosis, and the compensatory damages that they seek, thus far exceed this Court's minimum $75,000 jurisdictional limit. *See Roe v. Michelin North Am., Inc.*, 613 F.3d 1058, 1060-1064 (11th Cir. 2010) (setting forth standard to determine amount in controversy for removal purposes).

**B.      There is complete diversity between the parties.**

17.     The Complaint alleges that [a]t all relevant times, [plaintiffs] Lilia R. Martinez and Alex J. Martinez were married and residents of Miami, Florida." (Complaint ¶ 3.) Accordingly, Merck avers that Plaintiffs are residents, and therefore citizens, of Florida. *See Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

18.     Merck is now, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey and, therefore, is a citizen of New Jersey. 28 U.S.C. § 1332(c)(1). (*See also* Complaint ¶ 4.)

19.     Hence, there is complete diversity between the plaintiffs and defendant in this case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

20.     In addition, no defendant is a citizen of the state in which this action was brought. Under the clear language of 28 U.S.C. § 1441(b), this action is properly removed to this Court by Merck.

## CONCLUSION

WHEREFORE, Defendant Merck respectfully removes this action from the Circuit Court in and for Miami-Dade County, Florida to this Court pursuant to 28 U.S.C. § 1441.

Dated:  March 3, 2011

Respectfully submitted,

Robert Burlington
David J. Zack
Coffey Burlington
Office In The Grove
Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
305-858-2900 (main)
305-858-5268 (fax)
rburlington@coffeyburlington.com

*Attorneys for Defendant Merck Sharp & Dohme Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by first-class mail, postage prepaid, and facsimile on this 3rd day of March, 2011, on all counsel of record on the attached service list.

_____

David J. Zack

## SERVICE LIST

Timothy M. O'Brien
Brandon L. Bogle
Email: tobrien@levinlaw.com
**LEVIN, PAPANTONIO, THOMAS, MITCHELL,
RAFFERTY & PROCTOR, P.A.**
P.O. Box 12308
316 South Baylen Street (32502)
Pensacola, FL 32501
Telephone: 850-435-7084
Facsimile: 850-435-6084
***Attorneys for Plaintiffs***

# EXHIBIT A

IN THE CIRCUIT COURT IN AND FOR MIAMI-DADE, FLORIDA

LILIA R. MARTINEZ and
ALEX J. MARTINEZ, her husband,

    Plaintiffs,

vs.

MERCK SHARP & DOHME CORP.,

    Defendant.

Civil Action No.: 11 - 05316 CA 02



---

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiffs, LILIA R. MARTINEZ and ALEX J. MARTINEZ, her husband, by and through undersigned attorneys Levin, Papantonio et al., sue Defendant MERCK SHARP & DOHME CORP., and allege as follows:

### I. JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter as the injuries complained of occurred in Miami-Dade, Florida. Plaintiff is a resident of the State of Florida, County of Miami-Dade. Defendant is incorporated and has its its primary place of business in the State of New Jersey. The amount in controversy exceeds the jurisdictional limits of this Court.

2.     Venue is proper within this Court as a substantial number of events, actions or omissions giving rise to the Plaintiff's claims occurred in Miami-Dade. At all times relevant to this matter, Defendant Merck conducted substantial business in this

County.

## II. PARTIES

3.    Plaintiff LILIA R. MARTINEZ was born June 17, 1951.  At all relevant times LILIA R. MARTINEZ and ALEX J. MARTINEZ were married and residents of Miami, Florida. LILIA R. MARTINEZ used FOSAMAX from approximately 1997 through March 2007.

4.    Defendant is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in New Jersey.  The Defendant's registered office is at 820 Bear Tavern Road, City of West Trenton, Mercer County, New Jersey.

5.    Defendant was at all relevant times authorized to conduct business in the State of Florida.

6.    Defendant has regularly transacted business in the State of Florida and continues to do so.

7.    At all relevant times Defendant, through its agents, servants, employees and apparent agents was the designer, manufacturer, marketer, distributor and seller of FOSAMAX, a bisphosphonate drug used primarily to mitigate or reverse the effects of osteoporosis.

8.    Defendant, either directly or through its agents, apparent agents, servants or employees, at all relevant times, sold and distributed FOSAMAX in the State of Florida for the treatment of osteoporosis and Paget's Disease.

-2-

9. Defendant derives substantial revenue from pharmaceutical products used or consumed in the State of Florida.

10. Defendant expected, or should have expected, that its business activities could or would have consequences within the State of Florida.

11. At all times material, Plaintiff, LILIA R. MARTINEZ, was married to Plaintiff, ALEX J. MARTINEZ.    Plaintiff, ALEX J. MARTINEZ has lost the comfort, society, and services of his wife, LILIA R. MARTINEZ.   His losses are permanent and continuing in nature.

### III. SUMMARY OF THE CASE

12. Defendant, either directly or through its agents, apparent agents, servants or employees designed, manufactured, marketed, advertised, distributed and sold FOSAMAX for the treatment of osteoporosis, Paget's Disease, and other off-label uses.

13. As a result of the defective nature of FOSAMAX, persons who were prescribed and ingested FOSAMAX, including Plaintiff LILIA R. MARTINEZ, have suffered and may continue to suffer severe and permanent personal injuries to the jaw bone, including osteonecrosis of the jaw and other diagnoses of irreversible damage to the jaw.

14. Defendant concealed its knowledge of FOSAMAX's unreasonably dangerous risks from Plaintiff LILIA R. MARTINEZ, other consumers, and the medical community.

15.     Defendant failed to conduct adequate and sufficient post-marketing surveillance of FOSAMAX after it began marketing, advertising, distributing, and selling the drug.

16.     As a result of Defendant's actions and inaction, Plaintiff LILIA R. MARTINEZ was injured due to her ingestion of FOSAMAX, which has caused and will continue to cause Plaintiff various injuries and damages.   Plaintiff accordingly seeks compensatory damages.

17.     At all times material, Plaintiff, LILIA R. MARTINEZ, was married to Plaintiff, ALEX J. MARTINEZ.     Plaintiff, ALEX J. MARTINEZ has lost the comfort, society, and services of his wife, LILIA R. MARTINEZ.  His losses are permanent and continuing in nature.

## IV. FACTUAL BACKGROUND

18.     At all relevant times Defendant was responsible for, or involved in, designing, manufacturing, marketing, advertising, distributing, and selling FOSAMAX.

19.     In September 1995, the United States Food and Drug Administration ("FDA") approved Merck's compound alendronate, which is marketed by Merck as FOSAMAX, for various uses, including the treatment of osteoporosis and Paget's Disease.

20.     FOSAMAX falls within a class of drugs known as bisphosphonates. Bisphosphonates are used for treating bone conditions such as osteoporosis and Paget's disease.  Other drugs within this class such as Aredia and Zometa are also used as chemotherapy and as adjunct chemotherapy but are not indicated for use in

-4-

non-cancerous conditions such as osteoporosis.

21. There are two classes of bisphosphonates: the N-containing (nitrogenous) and non-N-containing (non-nitrogenous) bisphosphonates. The nitrogenous bisphophonates include the following: pamidronate (Aredia); ibandronate (Bondronat); and alendronate (FOSAMAX). The non-nitrogenous bisphosphonates include the following: etridonate (Didronel); clodronate (Bonefos and Loron); and tiludronate (Skelid). Alendronate, like the others, contains a nitrogen atom, whereas etridonate, clodronate, and tiludronate do not. The PDR for FOSAMAX confirms that the molecule contains a nitrogen atom.

22. Throughout the 1990's and 2000's, medical articles and studies appeared reporting the frequent and common occurrence of osteonecrosis of the jaw within the nitrogenous bisphosphonates used for chemotherapy. As with its reported and acknowledged side effects concerning irritation, erosion, and inflammation of the upper gastrointestinal tract, Merck knew or should have know that FOSAMAX, as a nitrogenous bisphosphonate, shared a similar adverse event profiles to the other drugs within this specific subclass of bisphosphonates (i.e., those containing nitrogen).

23. Merck knew and or should have known that bisphosphonates, including FOSAMAX, inhibit endothelial cell function. Similarly, Merck knew or should have known that Bisphosponates also inhibit vascularization of the affected area and induce ischemic changes specific to patients mandibles (lower jaws) and maxillae (upper jaws) and that these ischemic changes appear to be cumulative in nature.

-5-

24.     Merck also knew or should have known that these factors combine to create a compromised vascular supply in the affected area. As a result, a minor injury or disease can turning into a non-healing wound. That in turn can progress to widespread necrosis (bone death) and osteomyelitis (inflammation of bone marrow).

25.     Dentists are now being advised by state dental associations to refrain from using any invasive procedure (such as drilling a cavity) for any patient on FOSAMAX.

26.     Once the osteonecrosis begins and becomes symptomatic, it is very difficult to treat and is not reversible.

27.     Shortly after Defendant began selling FOSAMAX, reports of osteonecrosis of the jaw and other dental complications among users began surfacing, indicating that FOSAMAX shared the class effects of the other nitrogenous bisphosphonates. Despite this knowledge, Defendant failed to implement further study  risk of osteonecrosis of the jaw relative to FOSAMAX. Rather than evaluating and verifying the safety of FOSAMAX with respect to osteonecrosis of the jaw, Defendant proposed further uses of FOSAMAX, such as FOSAMAX-D, and sought to extend the exclusivity period of FOSAMAX through 2018.

28.     Osteonecrosis of the jaw is a serious medical event and can result in severe disability and death.

29.     Since FOSAMAX was released, the FDA has received a number of reports osteonecrosis of the jaw among users of FOSAMAX.

30.     On August 25, 2004, the United States Food & Drug Administration ("FDA") posted

-6-

its ODS Postmarketing Safety Review on bisphosphonates - - specifically pamidronate (Aredia), zoledronic acid (Zometa), risedronate (Actonel), and alendronate (FOSAMAX). This was an epidemiologic review of the FDA adverse events database conducted by the FDA's Division of Drug Risk Evaluation.

31.   As a result of the FDA Review, the FDA observed that the risk of osteonecrosis of the jaw was not confined to bisphosphonates used for chemotherapy. The FDA's review indicated that the osteonecrosis of the jaw was a class effect which specifically extended to the oral bisphosphonate, FOSAMAX.

32.   As a result, the FDA recommended and stated that the labeling for FOSAMAX should be amended by Merck to specifically warn about the risk of osteonecrosis of the jaw. Merck has refused to accede to the FDA's request and, did not adequately warn of the risk of osteonecrosis of the jaw until approximately July 2009.

33.   Rather than warn patients, and despite knowledge known by Defendant about increased risk of osteonecrosis of the jaw on patients using FOSAMAX, Defendant continues to defend FOSAMAX and minimize unfavorable findings.

34.   FOSAMAX is one of Defendant's top selling drugs. Averaging more than $3 billion a year in sales.

35.   Consumers, including Plaintiff LILIA R. MARTINEZ, who have used FOSAMAX for treatment of osteoporosis, have several alternative safer products available to treat the conditions.

36.   Defendant knew of the significant risk of dental and oral complications caused by

-7-

ingestion of FOSAMAX, but Defendant did not adequately and sufficiently warn consumers, including Plaintiff LILIA R. MARTINEZ, or the medical community, of such risks.

37.   As a direct result, Plaintiff LILIA R. MARTINEZ was prescribed FOSAMAX and has been permanently and severely injured, having suffered serious consequences from the ingestion of FOSAMAX. Plaintiff LILIA R. MARTINEZ requires and will in the future require ongoing medical care and treatment.

38.   Plaintiff LILIA R. MARTINEZ has suffered from mental anguish from the knowledge that Plaintiff will have life-long complications as a result of the injuries Plaintiff sustained from the use of FOSAMAX.

39.   Plaintiff LILIA R. MARTINEZ was prescribed and began taking FOSAMAX in 1997.

40.   Plaintiff used FOSAMAX as prescribed and in a foreseeable manner.

41.   As a direct and proximate result of using FOSAMAX, Plaintiff suffered severe personal injury to the jaw.

42.   Plaintiff, as a direct and proximate result of using FOSAMAX, suffered severe mental and physical pain and suffering and has sustained permanent injuries and emotional distress.

43.   Plaintiff used FOSAMAX which had been provided to her in a condition that was substantially the same as the condition in which it was manufactured and sold.

44.   Plaintiff would not have used FOSAMAX had Defendant properly disclosed the risks

-8-

associated with the drug. Alternatively, Plaintiff would have known the precursor events of osteonecrosis of the jaw and would have been able to avoid the clinical manifestation of the symptoms as they currently exist.

45. Defendant, through its affirmative misrepresentations and omissions, actively concealed from Plaintiff and her physicians the true and significant risks associated with taking FOSAMAX. The running of any applicable statute of limitations has been tolled by reason of Defendant's fraudulent concealment.

46. As a result of Defendant's actions, Plaintiff and her prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Plaintiff had been exposed to the risks identified in this complaint, and that those risks were the direct and proximate result of Defendant's acts, omissions, and misrepresentations.

47. At all times material, Plaintiff, LILIA R. MARTINEZ, was married to Plaintiff, ALEX J. MARTINEZ. Plaintiff, ALEX J. MARTINEZ has lost the comfort, society, and services of his wife, LILIA R. MARTINEZ. His losses are permanent and continuing in nature.

## COUNTS

### COUNT I: NEGLIGENCE

48. Plaintiff re-alleges all aforementioned paragraphs above as if fully set forth herein.

49. Defendant owed Plaintiff, LILIA R. MARTINEZ, and other consumers, a duty to exercise reasonable care when designing, manufacturing, marketing, advertising,

-9-

distributing, and selling FOSAMAX.

50.     Defendant failed to exercise due care under the circumstances and therefore breached

this duty by:

a.  failing to properly and thoroughly test FOSAMAX before releasing the drug to

market;

b. failing to properly and throughly analyze the data resulting from the pre-marketing

tests of FOSAMAX;

c.  failing to conduct sufficient post-market testing and surveillance of FOSAMAX;

d.   designing, manufacturing, marketing, advertising, distributing, and selling

FOSAMAX to consumers, including Plaintiff, without an adequate warning of the significant

and dangerous risks of FOSAMAX and without proper instructions to avoid the harm which

could foreseeably occur as a result of using the drug;

e. failing to exercise due care when advertising and promoting FOSAMAX; and

f.   negligently continuing to manufacture, market, advertise, and distribute

FOSAMAX after Defendant knew or should have known of its adverse effects.

51.     As a direct and proximate consequence of Defendant's actions, omissions, and

misrepresentations, Plaintiff LILIA R. MARTINEZ sustained significant and

permanent injury of the jaw.   In addition, Plaintiff required and will continue to

require healthcare and services.  Plaintiff has incurred and will continue to incur

medical and related expenses.  Plaintiff also has suffered and will continue to suffer

diminished capacity for the enjoyment of life, a diminished quality of life, increased

-10-

risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages. Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies. Plaintiff has incurred and will continue to incur mental and physical pain and suffering and loss of wages and wage-earning capacity.

52.   Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff.

53.   At all times material, Plaintiff, LILIA R. MARTINEZ, was married to Plaintiff, ALEX J. MARTINEZ.   Plaintiff, ALEX J. MARTINEZ has lost the comfort, society, and services of his wife, LILIA R. MARTINEZ.   His losses are permanent and continuing in nature.

<u>COUNT II:  STRICT LIABILITY</u>

54.   Plaintiff re-alleges all aforementioned paragraphs as if fully set forth herein.

55.   Defendant manufactured, sold, distributed, marketed, and/or supplied FOSAMAX in a defective and unreasonably dangerous condition to consumers, including Plaintiff LILIA R. MARTINEZ.

56.   Defendant designed, manufactured, sold, distributed, supplied, marketed, and/or promoted FOSAMAX, which was expected to reach and did in fact reach consumers, including Plaintiff, without substantial change in the condition in which it was manufactured and sold by Defendant.

-11-

57.   Plaintiff used FOSAMAX as prescribed and in a manner normally intended, recommended, promoted, and marketed by Defendant.

58.   FOSAMAX failed to perform safely when used by ordinary consumers, including Plaintiff, including when it was used as intended and in a reasonably foreseeable manner.

59.   FOSAMAX was defective in its design and was unreasonably dangerous in that its unforeseeable risks exceeded the benefits associated with its design or formulation.

60.   FOSAMAX was defective in design or formulation in that it posed a greater likelihood of injury than other similar medications and was more dangerous than an ordinary consumer could reasonably foresee or anticipate.

61.   FOSAMAX was defective in its design and was unreasonably dangerous in that it neither bore nor was packaged with nor accompanied by warnings adequate to alert consumers, including Plaintiff, of the risks described herein, including, but not limited to, the risk of osteonecrosis of the jaw.

62.   Although Defendant knew or should have known of the defective nature of FOSAMAX, it continued to design, manufacture, market, and sell FOSAMAX so as to maximize sales and profits at the expense of the public health and safety. By so acting, Defendant acted with conscious and deliberate disregard of the foreseeable harm caused by FOSAMAX.

63.   Plaintiff could not, through the exercise of reasonable care, have discovered FOSAMAX's defects or perceived the dangers posed by the drug.

-12-

64.    As a direct and proximate consequence of Defendant's conduct, Plaintiff LILIA R. MARTINEZ sustained significant and permanent injury of the jaw. In addition, Plaintiff required and will continue to require healthcare. Plaintiff has incurred and will continue to incur medical and related expenses. Plaintiff also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages. Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies. Plaintiff has incurred and will continue to incur mental and physical pain and suffering and loss of wages and wage-earning capacity.

65.    Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

66.    At all times material, Plaintiff, LILIA R. MARTINEZ, was married to Plaintiff, ALEX J. MARTINEZ. Plaintiff, ALEX J. MARTINEZ has lost the comfort, society, and services of his wife, LILIA R. MARTINEZ. His losses are permanent and continuing in nature.

<u>COUNT III: BREACH OF EXPRESS WARRANTY</u>

67.    Plaintiff re-alleges all aforementioned paragraphs as if fully set forth herein.

-13-

68. Defendant expressly represented to Plaintiff LILIA R. MARTINEZ and other consumers and the medical community that FOSAMAX was safe and fit for its intended purposes, that it was of merchantable quality, that it did not produce any dangerous side effects, and that it was adequately tested.

69. FOSAMAX does not conform to Defendant's express representations because it is not safe, has numerous and serious side effects, and causes severe and permanent injuries.

70. At all relevant times FOSAMAX did not perform as safely as an ordinary consumer would expect, when used as intended or in a reasonably foreseeable manner.

71. Plaintiff LILIA R. MARTINEZ, other consumers, and the medical community relied upon Defendant's express warranties.

72. As a direct and proximate result of Defendant's actions, Plaintiff LILIA R. MARTINEZ sustained serious significant and permanent injury of the jaw. In addition, Plaintiff required and will continue to require healthcare and services. Plaintiff has incurred and will continue to incur medical and related expenses. Plaintiff also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages. Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies. Plaintiff has incurred and will continue to incur mental and physical pain and

-14-

suffering and loss of wages and wage-earning capacity.

73.   Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff.

74.   At all times material, Plaintiff, LILIA R. MARTINEZ, was married to Plaintiff, ALEX J. MARTINEZ.   Plaintiff, ALEX J. MARTINEZ has lost the comfort, society, and services of his wife, LILIA R. MARTINEZ.   His losses are permanent and continuing in nature.

## COUNT IV: BREACH OF IMPLIED WARRANTY

75.   Plaintiff re-alleges all aforementioned paragraphs as if fully set forth herein.

76.   Defendant manufactured, distributed, advertised, promoted, and sold FOSAMAX.

77.   At all relevant times, Defendant knew of the use for which FOSAMAX was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

78.   Defendant was aware that consumers, including Plaintiff LILIA R. MARTINEZ, would use FOSAMAX for treatment of osteoporosis and for other purposes.

79.   Plaintiff and the medical community reasonably relied upon the judgment and sensibility of Merck to sell FOSAMAX only if it was indeed of merchantable quality and safe and fit for its intended use.

80.   Defendant breached its implied warranty to consumers, including Plaintiff; FOSAMAX was not of merchantable quality or safe and fit for its intended use.

-15-

81.   Consumers, including Plaintiff, and the medical community, reasonably relied upon Defendant's implied warranty for FOSAMAX.

82.   FOSAMAX reached consumers without substantial change in the condition in which it was manufactured and sold by Defendant.

83.   As a direct and proximate result of Defendant's action, Plaintiff LILIA R. MARTINEZ sustained significant and permanent injury of the jaw.  In addition, Plaintiff required and will continue to require healthcare and services.  Plaintiff has incurred and will continue to incur medical and related expenses.  Plaintiff also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages.  Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies.  Plaintiff has incurred and will continue to incur mental and physical pain and suffering and loss of wages and wage-earning capacity.

84.   Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff.

85.   At all times material, Plaintiff, LILIA R. MARTINEZ, was married to Plaintiff, ALEX J. MARTINEZ.   Plaintiff, ALEX J. MARTINEZ has lost the comfort, society, and services of his wife, LILIA R. MARTINEZ.  His losses are permanent

-16-

and continuing in nature.

## COUNT V: FRAUDULENT MISREPRESENTATION

86. Plaintiff re-alleges all aforementioned paragraphs as if fully set forth herein.

87. Defendant made fraudulent misrepresentations with respect to FOSAMAX in the following particulars:

a. Defendant represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that FOSAMAX had been tested and found to be safe and effective for the treatment of pain and inflammation; and

b. Defendant represented that FOSAMAX was safer than other alternative medications.

88. Defendant knew that its representations were false, yet it willfully, wantonly, and recklessly disregarded its obligation to provide truthful representations regarding the safety and risk of FOSAMAX to consumers, including Plaintiff, and the medical community.

89. The representations were made by Defendant with the intent that doctors and patients, including Plaintiff, rely upon them.

90. Defendant's representations were made with the intent of defrauding and deceiving Plaintiff, other consumers, and the medical community to induce and encourage the sale of FOSAMAX.

91. Plaintiff LILIA R. MARTINEZ, Plaintiff's doctors, and others relied upon the

-17-

representations.

92.     Defendant's fraudulent representations evinced its callous, reckless, willful, and depraved indifference to the health, safety, and welfare of consumers, including Plaintiff.

93.     As a direct and proximate result, Plaintiff LILIA R. MARTINEZ sustained significant and permanent injury of the jaw. In addition, Plaintiff required and will continue to require healthcare and services. Plaintiff has incurred and will continue to incur medical and related expenses. Plaintiff also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages. Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies. Plaintiff has incurred and will continue to incur mental and physical pain and suffering and loss of wages and wage-earning capacity.

94.     Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff.

95.     At all times material, Plaintiff, LILIA R. MARTINEZ, was married to Plaintiff, ALEX J. MARTINEZ. Plaintiff, ALEX J. MARTINEZ has lost the comfort, society, and services of his wife, LILIA R. MARTINEZ. His losses are permanent and continuing in nature.

-18-

## COUNT VI: FRAUDULENT CONCEALMENT

96.     Plaintiff re-alleges all aforementioned paragraphs as if fully set forth herein.

97.     Defendant fraudulently concealed information with respect to FOSAMAX in the following particulars:

a. Defendant represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that FOSAMAX was safe and fraudulently withheld and concealed information about the substantial risks of using FOSAMAX; and

b.   Defendant represented that FOSAMAX was safer than other alternative medications and fraudulently concealed information which demonstrated that FOSAMAX was not safer than alternatives available on the market.

98.     Defendant had sole access to material facts concerning the dangers and unreasonable risks of FOSAMAX.

99.     The concealment of information by Defendant about the risks of FOSAMAX was intentional, and the representations made by Defendant were known by Defendant to be false.

100.    The concealment of information and the misrepresentations about FOSAMAX were made by Defendant with the intent that doctors and patients, including Plaintiff, rely upon them.

101.    Plaintiff LILIA R. MARTINEZ, Plaintiff's doctors, and others relied upon the representations and were unaware of the substantial dental and oral risks of

-19-

FOSAMAX which Defendant concealed from Plaintiff's doctors and Plaintiff.

102.   As a direct and proximate result of Defendant's fraudulent concealment and misrepresentation, Plaintiff LILIA R. MARTINEZ suffered significant and permanent injury of the jaw and was caused to suffer severe and permanent injuries, including pain and mental and physical anguish and suffering, including a diminished capacity for the enjoyment of life, aggravation of preexisting conditions and activation of latent conditions, and a fear of developing other harmful conditions or problems as a result of the injury. Plaintiff has suffered and will continue to suffer a loss of wages and wage-earning capacity and has incurred expense for medical care and treatment due to the injuries caused by FOSAMAX.

103.   Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff.

104.   At all times material, Plaintiff, LILIA R. MARTINEZ, was married to Plaintiff, ALEX J. MARTINEZ.   Plaintiff, ALEX J. MARTINEZ has lost the comfort, society, and services of his wife, LILIA R. MARTINEZ.   His losses are permanent and continuing in nature.

-20-

<u>GLOBAL PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs demand judgment against Defendant, as follows:

    a.  compensatory damages on each cause of action;

    b.  reasonable attorneys' fees where recoverable;

    c.  costs of this action; and

    d.  such other additional and further relief as the Court may deem necessary,

appropriate, and just.

## VI. **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all counts and issues so triable.

TIMOTHY M. O'BRIEN, FL BAR NO: 55565
BRANDON L. BOGLE, FL BAR NO: 52624
Levin, Papantonio, Thomas, Mitchell, Rafferty &
Proctor, P.A.
316 South Baylen Street, Suite 600 (32502)
P. O. Box 12308
Pensacola, FL 32591
(850) 435-7084 FAX (850) 435-6084
Attorney for Plaintiffs

-21-